IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIRBY WILLIAMS and PAULA WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. <br><br> **Serve by Certified Mail:** <br> Steven D. Weinhoeft <br> U.S. Attorney for Southern District of IL <br> 9 Executive Drive <br> Fairview Heights, IL  62208 <br><br> **Serve by Certified Mail:** <br> Jeff Sessions, US Attorney General <br> US Department of Justice <br> 950 W. Pennsylvania Avenue NW <br> Washington, DC  20530 | Case # |

## COMPLAINT

NOW COME Plaintiffs, KIRBY WILLIAMS and PAULA WILLIAMS, by and through their attorneys, Gary L. Smith of Loewenstein & Smith, P.C., and Don Cary Collins, and for their cause of action against the Defendant, UNITED STATES OF AMERICA, state as follows:

### Jurisdictional and Factual Allegations

1. Kirby Williams is an individual resident and citizen of the State of Illinois.

2. Kirby Williams is a veteran of the Vietnam War who was honorably discharged on May 2, 1972.

3. Paula Williams is an individual resident and citizen of the State of Illinois.

4. Kirby Williams and Paula Williams have been married since June 11, 1972.

5. Plaintiffs timely filed their Federal Tort Claims Action Form 95 claim with the U.S. Department of Veterans Affairs (VA) on December 5, 2017. The VA failed to make a final disposition of said claim by June 5, 2018 and on June 18, 2018 the VA denied the claim. Attached hereto as **Exhibits A** and **B** are a copy of Plaintiffs' Form 95 claims. Plaintiffs have satisfied the administrative prerequisites to filing this action.

6. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. Sec. 2674, as this matter involves a claim for money damages against the United States for personal injury caused by the negligent acts and omissions of a Government employee while acting within the scope of his/her employment.

7. Venue is proper pursuant to 28 U.S.C. Sec. 1391(b) because Defendant, by and through its agents, resides within the Southern District of Illinois and the alleged negligent acts and omissions giving rise to this claim occurred within the Southern District of Illinois.

## COUNT I
## Medical Malpractice

NOW COMES the Plaintiff, KIRBY WILLIAMS, and for his causes of action against the Defendant, UNITED STATES OF AMERICA, states as follows:

8. At all times relevant herein, Ronald Weinstein, M.D. ("Dr. Weinstein") was a board-certified radiologist licensed to practice medicine in the State of Illinois, and was acting as a medical provider and as an agent, servant and employee of the Department of Veterans Affairs working at its Marion health center facility located in Williamson County, Illinois.

9. At all times relevant herein, Dr. Weinstein was acting within the course and scope of his employment with the United States Department of Veterans Affairs at Marion, Illinois ("Marion VA Medical Center") and was acting as an agent, servant and employee of the United States of America.

10. At all times relevant herein, Dr. Weinstein was providing radiological health care services and diagnostic treatment to Plaintiff, Kirby Williams, at the Marion VA Medical Center.

11. On or about April 2, 2010, Defendant, United States of America, acting by and through its agents and employees, including but not limited to Dr. Weinstein, began providing a course of medical health care services and treatment to Plaintiff, Kirby Williams, though the Marion VA Medical Center.

12. Kirby Williams relied upon the United States of America through the health care providers at the Marion VA to provide appropriate and timely evaluation, diagnosis, and medical treatment of his health care needs.

13. That Defendant, United States of America, acting by and through its agents and employees, including but not limited to the Marion VA Medical Center and Dr. Weinstein, deviated from and failed to meet the requisite standard of care when rendering medical care and treatment to Plaintiff by committing one or more of the following negligent acts and/or omissions:

    A. It failed to timely and appropriately assess, recognize, diagnose, respond to Kirby Williams' April 2, 2010, CT scan which Dr. Weinstein read as essentially normal when, in fact, the April 2, 2010, CT scan indicates a contained tumor on his left kidney;

    B. It failed to timely and appropriately assess, recognize, diagnose, respond to the abnormality on the left kidney shown on the April 2, 2010, CT scans for Kirby Williams in 2010 and thereafter;

    C. It failed to timely and appropriately assess, recognize, diagnose, respond to, follow and/or treat Kirby Williams' renal/kidney tumor and cancer before it metastasized;

  D. It failed to timely and appropriately inform, educate, instruct, counsel and/or advise Kirby Williams of the risks of renal/kidney damage associated with his diabetes and follow-up visits, and/or the risks of failing to comply with recommended treatment;

  E. It failed to timely collaborate and consult with appropriate medical doctors regarding Kirby Williams' condition, care and treatment;

  F. It failed to timely refer Kirby Williams to an appropriate medical doctor for consultation and treatment of his condition in April of 2010;

  G. It failed to timely conduct further tests of his kidney condition that would have confirmed the cancer of his kidney that was suggested on the April 2, 2010 CT scan; and

  H. The radiologists' standard of care as of April 2, 2010, required Dr. Weinstein to review all scans taken on Plaintiff, Kirby Williams, and to review all organs mentioned by ordering doctor which included the kidneys, but Dr. Weinstein failed to carefully review Plaintiff's, Kirby Williams', CT scan showing an abnormality on his left kidney and failed to communicate that condition to Kirby Williams' treating doctors for further diagnosis and treatment.

  14. As a direct and proximate result of one or more of Defendant's, United States of America's, above-stated negligent acts and/or omissions, Kirby Williams suffered ongoing kidney injury, irreversible kidney damage, and metastatic renal carcinoma that could have been prevented by proper diagnostic care and treatment and that the failure to timely diagnose and treat his condition will result in his premature death; that as a result of his injuries and condition, he has required substantial medical care and attention and will require further and future medical care and attention, including future oncology treatments and psychological treatment; he has incurred medical expenses and will continue to incur medical expenses in the future; he has lost earnings,

his ability to work and earn in the future is permanently and greatly impaired; he has experienced great physical and mental pain and suffering and emotional distress in the past and will continue to experience physical and mental pain and suffering and emotional distress in the future; he has lost enjoyment of life and the ability to lead a normal life in the past and will continue to suffer lost enjoyment of life and the ability to lead a normal life in the future; he will experience a shortened life; and furthermore, he has sustained permanent injury, disfigurement, and disability, all to his damage.

15. On August 8, 2016, Plaintiff, Kirby Williams, underwent a CT scan without contrast at the Marion VA and that scan was read Dr. L. Anthony Leskosky and Dr. Leskosky compared the August 8, 2016, CT scan to the previous CT study on April 2, 2010, and Dr. L. Anthony Leskosky concluded that the April 2, 2010, CT scan reflected an abnormality on Kirby Williams' left kidney that should have been commented on by Dr. Weinstein and communicated to Kirby Williams' treating physicians for follow-up testing and treatment.

16. The United States, if acting as a private person in the State of Illinois, would be liable to Kirby Williams for the foregoing acts and omissions.

17. Plaintiff, Kirby Williams, did not know and had no way to know of the foregoing malpractice actions and omissions of Defendant's employees and agents in 2010 and that information was kept from him by Defendant's employees and agents until August 2017, when he was contacted by Dr. L. Anthony Leskosky regarding the misreading of the April 2, 2010, CT scan.

18. Upon learning of the possibility of medical malpractice, Plaintiff, Kirby Williams, investigated his medical records, confirmed the misdiagnosis, and timely filed a Federal Tort Claims Action Form 95 claim with the U.S. Department of Veterans Affairs on December 5, 2017.

WHEREFORE, Plaintiff, KIRBY WILLIAMS, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount of twenty million dollars ($20,000,000), plus costs of suit, and for any additional amounts allowed under the provisions of the Federal Tort Claims Act.

## COUNT II
### Loss of Consortium

NOW COMES the Plaintiff, PAULA WILLIAMS, and for her causes of action against the Defendant, UNITED STATES OF AMERICA, states as follows:

1-18. Plaintiff, Paula Williams, hereby incorporates paragraphs 1-18 of Count I as paragraphs 1-18 of this Count II.

19. Because of the direct and proximate consequence of the negligent and careless acts of the employees of the United States of America as aforesaid, Kirby Williams became permanently and severely injured and will remain so for the duration of his natural life; and Defendant did thereby so interfere with the relationship of Kirby Williams and Paula Williams as to deprive Plaintiff, Paula Williams, of all those elements of married life she was accustomed to receive and it did thus and thereby grievously injure and damage Paula Williams in those particulars of services of her husband's society, companionship, love and affection, and relations with her which she formerly, prior to the injury to Kirby Williams, received and which now, because of said injury, has and will be deprived.

WHEREFORE, Plaintiff, PAULA WILLIAMS, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount of ten million dollars ($10,000,000), plus costs of suit, for any additional amounts allowed under the provisions of the Federal Tort Claims Act, and for such other and further relief as the court deems just.

KIRBY WILLIAMS and PAULA WILLIAMS, Plaintiffs

By: _____

One of Plaintiffs' Attorneys

Lead Counsel:
Gary L. Smith - #2644029
Loewenstein & Smith, P.C.
1204 South Fourth Street
Springfield, IL 62703
Tel: (217) 789-0500
Fax: (217) 522-6047
E-mail: lexsmithis@comcast.net

Lead Counsel
Don Cary Collins - #487724
126 West Main Street
Belleville, IL 62220
Tel: (618) 234-2001
Fax: (618) 234-2002
E-mail: dcarol@prodigy.net